ACCEPTED
15-25-00032-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/8/2025 7:27 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00032-CV

# IN THE FIFTEENTH COURT OF APPEALS
## AUSTIN, TEXAS

**In re Nonparty Patient No. 1, Nonparty Patient No. 2, Nonparty Patient No. 3, Nonparty Patient No. 4, Nonparty Patient No. 5, Nonparty Patient No. 6, Nonparty Patient No. 7, Nonparty Patient No. 8, Nonparty Patient No. 9, Nonparty Patient No. 10, and Nonparty Patient No. 11,[1]**

*Relators*

On Petition for a Writ of Mandamus
From the 493rd District Court of Collin County, Texas,
Cause No. 493-08026-2024
The Honorable Judge Christina A. Nowak, Presiding

## DECLARATION OF THANH D. NGUYEN
## IN SUPPORT OF RELATORS' ADVISORY
## IN SUPPORT OF THEIR SECOND EMERGENCY MOTION TO STAY

Jervonne D. Newsome (Lead Counsel)
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
Texas Bar No. 24126931
tdnguyen@winston.com
Jonathan Hung
Texas Bar No. 24143033
johung@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
edlewis@winston.com
Texas Bar No. 24116670
Olivia A. Wogon
Texas Bar No. 24137299
owogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

---

[1] After Relators' attorneys filed the mandamus petition for this cause number, they executed engagement letters with two more Nonparty Patients—Nonparty Patients Nos. 12 and 13—who are former patients of Dr. Cooper.

1.      My name is Thanh D. Nguyen. I represent Relators in this Petition for a Writ of Mandamus. I am a member in good standing of the State Bar of Texas. I provide this Declaration in support of Relators' supplemental brief filed in support of their second emergency motion to stay. I have personal knowledge of the facts stated herein, and I could and would testify thereto if called as a witness in this matter.

2.      Attached as Exhibit A is a true and correct copy of the Court's April 7, 2025 order, which directed the 493rd Judicial District Court of Collin County to issue a written order.

3.      Attached as Exhibit B is a true and correct copy of the 493rd Judicial District Court of Collin County's written order issued on April 8, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on the 8th day of April, 2025.

/s/ Thanh D. Nguyen
Thanh D. Nguyen

2

# Exhibit A

**Order filed April 7, 2025.**



In The

# Fifteenth Court of Appeals

————————

## NO. 15-25-00031-CV

————————

**IN RE NONPARTY PATIENT NO. 1, NONPARTY PATIENT NO. 2, NONPARTY PATIENT NO. 3, NONPARTY PATIENT NO. 4, NONPARTY PATIENT NO. 5, NONPARTY PATIENT NO. 6, NONPARTY PATIENT NO. 7, NONPARTY PATIENT NO. 8, NONPARTY PATIENT NO. 9, NONPARTY PATIENT NO. 10, AND NONPARTY PATIENT NO. 11, Relators**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**493rd District Court**
**Collin County, Texas**
**Trial Court Cause No. 493-07676-2024**



In The

# Fifteenth Court of Appeals

_____

## NO. 15-25-00032-CV
_____

**IN RE NONPARTY PATIENT NO. 1, NONPARTY PATIENT NO. 2, NONPARTY PATIENT NO. 3, NONPARTY PATIENT NO. 4, NONPARTY PATIENT NO. 5, NONPARTY PATIENT NO. 6, NONPARTY PATIENT NO. 7, NONPARTY PATIENT NO. 8, NONPARTY PATIENT NO. 9, NONPARTY PATIENT NO. 10, AND NONPARTY PATIENT NO. 11, Relators**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**493rd District Court**
**Collin County, Texas**
**Trial Court Cause No. 493-08026-202**

---

## ORDER

On Friday, March 21, 2025, relators filed petitions for writs of mandamus in this court to compel the Honorable Christine A. Nowak, Judge of the 493rd District Court, in Collin County, Texas, to set aside her oral order of March 20, 2025, entered in trial court cause numbers 493-07676-2024 and 493-08026-202, compelling Children's Health System of Texas and UT Southwestern Medical

Center ("UTSW") to produce relators' medical records. This Court stayed the order the same day pending our final decision on the petitions for mandamus.[1]

On April 2, 2025, Relators filed an emergency motion for stay representing that UTSW had taken the position that this Court's stay applied only to Children's produced documents pursuant to the trial court's order. Relators seek an order clarifying that this Court's stay applies to any production sought under the subpoenas challenged by the mandamus petitions.

Additional clarity is required before we may rule on this motion. A petition for writ of mandamus must include "a certified or sworn copy of any order complained of, or any other document showing the matter complained of."[2] An oral ruling is subject to mandamus review if it is "a clear, specific, and enforceable order that is adequately shown by the record."[3] It appears that there is some disagreement about the challenged ruling because the parties were unable to agree on the content of a proposed order memorializing it. To provide clarity, we direct the trial court judge to reduce her oral ruling of March 20, 2025, to writing and have it filed in this Court as a supplemental clerk's record by April 11, 2025.

PER CURIAM

Panel consists of Chief Justice Brister and Justices Field and Farris.

---

[1]     *See* TEX. R. APP. P. 52.8(b), 52.10.

[2]     *Id.* R. 52.3(k)(1)(B).

[3]     *In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*, 2025 WL 466069, at *2 (Tex. App.—San Antonio Feb. 12, 2025, orig. proceeding); *see, e.g., In re Fort Worth Star Telegram,* 441 S.W.3d 847, 850 n.1 (Tex. App.—Fort Worth 2014, orig. proceeding) (oral courtroom-closure orders were specific enough for mandamus relief).

# Exhibit B

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 493rd JUDICIAL DISTRICT |
| | § | |
| MARY C. LAU, M.D., | § | COLLIN COUNTY, TEXAS |

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 493rd JUDICIAL DISTRICT |
| | § | |
| M. BRETT COOPER, M.D. | § | COLLIN COUNTY, TEXAS |

## ORDER MODIFYING FEBRUARY 28 ORDERS

On February 28, 2025, the Court entered Orders related to the production of certain patient records (the "February 28 Orders"); specifically, the "medical, laboratory, billing, and prescription records for the care and treatment Dr. Cooper [Lau] provided or ordered for the patients relating to testosterone or puberty blockers from January 1, 2022, through the present" (hereinafter referred to as the "Roll One Documents").

Thereafter, on March 20, 2025, the Court conducted a hearing (the "March 20 Hearing") related to: (1) the State's Motion for Protection, (2) Texas Attorney General's Rule 12 Motion, (3) UTSW Motion for Protection, (4) Nonparty Patient's Expedited Motion to Stay Productions from the Hospital Systems, (5) Nonparty Patient's Motion for Protection Regarding Party Discovery, and (6) Children's Motion for Protective Order.

At the outset of the March 20 Hearing, the Court confirmed on the record that the agreed venue discovery had been produced by each of Children's and UTSW and received by all applicable parties/nonparties. No objections were raised at time of hearing regarding production of the venue discovery; further, all parties/nonparties appearing at the March 20 Hearing agreed such production was proper or permissible by each of Children's and UTSW and was not impacted by the Motions set for hearing.

Following argument at the March 20 Hearing, the Court GRANTED IN PART AND DENIED IN PART the Nonparty Patient's Expedited Motion to Stay Productions from the Hospital Systems and Nonparty Patient's Motion for Protection Regarding Party Discovery. Specifically, the Court granted the request to stay and

---

for protection in so far as, at present, the Court orders only production of the records from January 1, 2022, through present, that are delineated in its February 28 Orders and which have been referred to as the Roll One Documents.

The Court further took the State's Motion for Protection, Texas Attorney General's Rule 12 Motion and UTSW Motion for Protection UNDER ADVISEMENT pending further conference between counsel related to the representation of UTSW and the provision of supplemental briefing citing any analogous authority under Texas law (where a conflict exists between an issuing court and the court where the subpoena was served).

In light of the Court's rulings on the Rule 12 Motion and UTSW Motion for Protection, the Court ORDERED that no documents shall be produced by UTSW pursuant to the Court's February 28 Orders, until the issue of UTSW's representation is resolved. Once UTSW is properly represented, UTSW shall be subject to the February 28 Orders, as modified below.

UNREPRESENTED PATIENTS

The Court ORDERS compliance with its February 28 Order as to the unrepresented patients, and directs production of the delineated records for the unrepresented patients contemplated by Section 1(b) of the February 28 Order to be made to counsel for Dr. Cooper and counsel for Dr. Lau beginning on March 21, 2025; production shall be on a rolling basis and shall be completed before April 16, 2025. The Court sets the hearing contemplated by Section 1(d) of the February 28 Order for April 16, 2025 at 9:00 A.M.

The Court further ORDERS counsel for the State and the Hospitals to meet and confer regarding patient addresses on or before April 4, 2025 so that the Court may ensure all unrepresented patients have received or will receive proper notice. The State has voluntarily agreed to "renotice" any patients it determines it has a bad address/contact information for after such meet and confer.

REPRESENTED PATIENTS

The Court ORDERS compliance with its February 28 Order as to the represented patients, and directs production of the delineated records for the represented patients contemplated by Section 1(b) of the February 28 Order to be made to counsel for Dr. Cooper, counsel for Dr. Lau, and counsel for the represented patients beginning on March 21, 2025; production shall be on a rolling basis and shall be completed before April 16, 2025. The Court sets the hearing contemplated by Section 1(d) of the February 28 Order for April 16, 2025 at 9:00 A.M. The Court suspends compliance with Section 1(e) of the February 28 Order until after hearing on April 16, 2025. To be clear, the Court, at this time, is not ordering production of any records for the represented patients to the State.

The Court further ORDERS counsel for the represented patients and counsel for the State to substantively meet and confer prior to April 16, 2025 regarding all discovery related to patient records to ascertain and determine whether they can reach any agreements (1) related to the Roll One Documents, and/or (2) to move discovery in this case forward with less conflict.

Subsequent to the March 20 Hearing, and pursuant to the March 25, 2025 Agreed Order, both the Texas Attorney General's Rule 12 Motion and UTSW Motion for Protective Order were DENIED AS MOOT. Accordingly, at a duly noticed hearing on March 26, 2025 related to Children's Motion to Seal and the State's Motion to Seal, the Court noted on the record that because the issue of UTSW's representation had been resolved, the stay of production by UTSW ordered by the Court at the March 20 Hearing was lifted and UTSW was now again subject to, and ordered to comply with, the February 28 Orders, as modified.

Signed on April 8, 2024.

*/s/ Christine A. Nowak*

Christine A. Nowak
Judge Presiding

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sarah Shelby on behalf of Thanh Nguyen
Bar No. 24126931
SShelby@winston.com
Envelope ID: 99435492
Filing Code Description: Other Document
Filing Description: Nonparty Patients' Advisory in Support of Their Second Emergency Motion to Stay Pending Petition for Writ of Mandamus
Status as of 4/9/2025 7:03 AM CST

Associated Case Party: NonParty Patient No. 1

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Thanh Nguyen | | TDNguyen@winston.com | 4/8/2025 7:27:50 PM | SENT |
| William Logan | | WLogan@winston.com | 4/8/2025 7:27:50 PM | SENT |
| Evan Lewis | | edlewis@winston.com | 4/8/2025 7:27:50 PM | SENT |
| Olivia Wogon | | owogon@winston.com | 4/8/2025 7:27:50 PM | SENT |
| Jervonne Newsome | | JNewsome@winston.com | 4/8/2025 7:27:50 PM | SENT |

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David G. Shatto | | david.shatto@oag.texas.gov | 4/8/2025 7:27:50 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 4/8/2025 7:27:50 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 4/8/2025 7:27:50 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 4/8/2025 7:27:50 PM | SENT |
| Ian Bergstrom | | Ian.Bergstrom@oag.texas.gov | 4/8/2025 7:27:50 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 4/8/2025 7:27:50 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 4/8/2025 7:27:50 PM | SENT |
| Houston Docketing | | ecf_houston@winston.com | 4/8/2025 7:27:50 PM | SENT |
| Jamie Vargo | | JVargo@winston.com | 4/8/2025 7:27:50 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 4/8/2025 7:27:50 PM | SENT |